IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY LABOON, | Civil Action No. 05 - 354J |
| Plaintiff, | Judge Kim Gibson / Magistrate Judge Lisa Pupo Lenihan |
| v. | Doc. No. 21 |
| JEFFREY BEARD, Secretary of the PA Department of Corrections, | |
| Defendant. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff's complaint in this civil rights case was filed in September 2005, along with an order allowing Plaintiff to proceed *in forma pauperis*. Due to delays in effecting service, an appearance was not entered for Defendant until July 2006, followed by a Motion to Dismiss. Plaintiff's complaint alleges that Defendant has taken things out of and placed false statements into, his parole file. Defendant's Motion to Dismiss alleges failure to state a claim upon which relief can be granted against this Defendant. Plaintiff was ordered to file his brief in opposition no later than August 21, 2006.

On July 26, 2006 Plaintiff filed a Motion to Appoint Counsel or, if counsel is not appointed, to Withdraw his Complaint. (Doc. No. 21).

It would be much easier, not only for Plaintiff, but for all involved in any prisoner pro se civil rights lawsuit, if counsel could be appointed. However, there are very few attorneys familiar with this body of law who are willing to take these cases on a pro bono basis. The Court has no authority to press any attorney into service against his or her will. Therefore, decisions to appoint counsel are made very selectively, and perhaps more importantly, based upon the ability to find

counsel willing and able to take on a matter of this type and the likelihood that the claim is truly substantial. Given the allegations of the Complaint, and the pending Motion to Dismiss, and upon consideration of plaintiff's request for the assistance of a lawyer, under the standards contained in 28 U.S.C. Section 1915(e) and interpretative cases, including Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Motion for Appointment of Counsel is **DENIED.** In addition, as Plaintiff clearly states in his pending motion that he wants his Complaint to be withdrawn if counsel is not appointed, the undersigned recommends that the Motion to Withdraw be **GRANTED.**

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to file an Appeal of the Order denying the appointment of counsel, or Objections to the Report & Recommendation that the Motion to Withdraw be granted, to the district judge pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), Local Rule 72.1.4B. Failure to appeal or file objections within ten (10) days may constitute waiver of these rights.

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
U.S. Magistrate Judge

cc:  Gregory LaBoon
AJ-2594
SCI Cresson
P.O. Box A
Cresson, PA  16699

Counsel of Record